UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BLUETARP FINANCIAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 08-cv-324-P-S |
| | ) |
| EASTERN MATERIALS CORP., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Eight days after Defendant Eastern Materials Corporation ("Eastern") filed its answer in this breach-of-contract case, Plaintiff BlueTarp Financial, Inc. ("BlueTarp") moved for summary judgment. Eastern invokes Federal Rule of Civil Procedure 56(f) in opposing pre-discovery summary judgment as premature. As explained herein, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Summary Judgment (Docket # 15).

**I.    SUMMARY JUDGMENT STANDARD AND RULE 56(f)**

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Navarro v. Pfizer Corp., 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).[1] In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. See Santoni, 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); see also Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

When an inadequate opportunity for discovery prevents the nonmovant from mounting an opposition, Federal Rule of Civil Procedure 56(f) offers a "safeguard against judges swinging the summary judgment axe too hastily." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994); see also Guzmán-Ruíz v. Hernández-Colón, 406 F.3d 31, 35 (1st Cir. 2005). Specifically, summary judgment may

---

[1] For purposes of summary judgment, the Court considers only evidence submitted by the parties in accordance with the Local Rules of this District. See D. Me. Loc. R. 56. The Court observes that neither party's submissions comply with those rules. See D. Me. Loc. R. 56(b) (moving party must submit "separate, short, and concise statement of material facts, each set forth in a separately numbered paragraph(s) . . . [and] supported by a record citation"); D. Me. Loc. R. 56(c) (nonmoving party must submit "separate, short, and concise statement" in which it must "admit, deny or qualify the facts," supporting each denial or qualification with an appropriate record citation); D. Me. Loc. R. 56(d) (reply statement of material facts "limited to any additional facts submitted by the opposing party"). Failure to comply with Local Rule 56 has serious consequences, including the admission of facts not properly controverted. See D. Me. Loc. R. 56(f); Cabán Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). Should the parties submit subsequent dispositive motions, the Court anticipates compliance with all Local Rules.

be denied if "a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). Because district courts "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter," the First Circuit requires substantial, not perfect, compliance. Resolution Trust Corp., 22 F.3d at 1203; see also Maldonado v. Municipality of Barceloneta, 252 F.R.D. 113, 117 (D.P.R. 2008). A litigant who invokes Rule 56(f) must make an authoritative and timely proffer showing "(i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion." Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007); see also Clifford v. Soc. Sec. Admin. Comm'r, 223 F.R.D. 19, 21 (D. Me. 2004).[2]

## II.  FACTUAL BACKGROUND

This dispute arises from the financing and execution of a construction project gone awry. Eastern purchased stucco materials known as "Venetian Plaster" from Decoplast, Inc. ("Decoplast"), on behalf of its principal, International Exterior Fabricators, LLC ("IEF"). IEF was the exterior façade subcontractor on the Tanger Outlet Center at the Arches in Deer Park, New York. In February 2008, Eastern and IEF advised Decoplast that the materials were defective and demanded that they be replaced. Following Decoplast's failure to remedy the allegedly defective materials, IEF commenced an action

---

[2] Because the parties have not yet commenced discovery, the five criteria in a "delayed discovery" case are not fully applicable. See Clifford, 223 F.R.D. at 21 n.5; Resolution Trust Corp., 22 F.3d at 1203.

against Decoplast in New York State Supreme Court, Nassau County.  (See Ex. 5 to Aff. of Ed Harms (Docket # 20-6).)

In order to purchase materials from Decoplast, Eastern had entered into a relationship with BlueTarp, of which the parties offer vastly different descriptions. BlueTarp characterizes the relationship as creditor-debtor: it allegedly financed Eastern's purchase of materials from Decoplast on credit.  In support of that theory, it offers a "BlueTarp Financial Account Agreement," signed by Eastern Vice-President Brad Dale on October 22, 2007.  (See Ex. A to Decl. of Tracey Richardson-Newton (Docket # 17-2).) When the Eastern-Decoplast relationship soured, BlueTarp contends that Eastern stopped making timely repayments and now owes over $160,000 on its BlueTarp credit account.[3]

According to Eastern, the parties' relationship was merely administrative: Eastern routed its monthly payments to Decoplast through BlueTarp, which acted as a collection agency but did not extend any financing.  Eastern asserts that it never requested or received credit from BlueTarp; Dale executed the "Financial Account Agreement" only to open a BlueTarp trade account with Decoplast.  Once that account was opened, BlueTarp provided monthly billing statements and online tracking services, but never financed Eastern's purchases from Decoplast in any manner.  At all times, says Eastern, it owed its debt to Decoplast, not BlueTarp.

## III.   DISCUSSION

In short, pre-discovery summary judgment would be premature.  BlueTarp moved for summary judgment on November 6, 2008, eight days after Eastern filed its answer and

---

[3] BlueTarp initially asserted total outstanding charges of $418,275.80.  (Pl.'s Statement of Undisputed Material Facts (Docket # 16) ¶ 22.)  In its Reply, BlueTarp asserted that it has "offset" its damages by $256,900.45, thus reducing the amount of total outstanding charges to $161,375.35.  (Pl.'s Reply Statement of Undisputed Material Facts (Docket # 25) ¶ 2.)  This about-face violates Local Rule 56(d) and, more importantly, creates an obvious issue of material fact respecting the parties' damages.

the Court issued its Scheduling Order. The Second Circuit has cautioned: "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000). Indeed, courts in this Circuit routinely distinguish between "delayed discovery" cases—where discovery is in its advanced stage—and those cases where, as here, the parties have not commenced discovery in any meaningful fashion.[4] See, e.g., Maldonado, 252 F.R.D. at 117-18; Clifford, 223 F.R.D. at 21 n.5; Chapman v. Maine Dep't of Corrections, No. 04-103-B-H, 2005 WL 226222, at *3 (D. Me. Jan. 31, 2005); see also Crystalline H$_2$0, Inc. v. Orminski, 105 F. Supp. 2d 3, 6-7 (N.D.N.Y. 2000).

In support of its Rule 56(f) opposition, Eastern submits the affidavit of its Vice-President of Operations, Ed Harms. (See Aff. of Ed Harms (Docket # 20-2).) Therein, Harms contends that readily discoverable evidence will permit Eastern to oppose summary judgment, potentially by challenging the enforceability of the parties' purported agreement. Harms describes specific information essential to Eastern's opposition, including the nature of the billing and marketing services provided by BlueTarp, BlueTarp's failure to extend credit to Eastern, and BlueTarp's failure to advance payment to Decoplast. (See id. at 2.)

BlueTarp would prefer the Court consider the "Financial Account Agreement" alone. However, the information sought by Eastern speaks to the enforceability of that agreement and, therefore, to the viability of BlueTarp's breach-of-contract claim. See Bradley v. Kryvicky, 574 F. Supp. 2d 210, 222 (D. Me. 2008); In re Dietzel, 245 B.R. 747,

---

[4] Apparently, BlueTarp furnished some discovery materials after Eastern filed its opposition. (See Def.'s Reply to Pl.'s Objections to Def.'s FRCP 56(f) Application (Docket # 28) at 1.)

753 n.8 (Bankr. D. Mass. 2000). And although Harms' affidavit speaks in relative generalities, this fact is attributable to the preliminary status of discovery. See Crystalline, 105 F. Supp. 2d at 8.

Mindful of the First Circuit's admonition that "it is [n]either necessary [n]or desirable for a court to attempt to probe sophisticated issues on an undeveloped record," the Court thus concludes that Eastern has made a sufficient Rule 56(f) proffer. Resolution Trust Corp., 22 F.3d at 1208.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Summary Judgment (Docket # 15) is hereby DENIED WITHOUT PREJUDICE. The parties may, of course, file subsequent dispositive motions after the discovery deadline established by the Court's Scheduling Order (Docket # 13).[5]

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 9th day of January, 2009.

---

[5] Because the Court denies summary judgment under Rule 56(f), it need not broach Eastern's substantive arguments in opposition to BlueTarp's motion. Indeed, the Court expresses no view respecting the merits of Plaintiff's claim or Defendant's defenses and counterclaims. See Crystalline, 105 F. Supp. 2d at 10.